UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEWIS LEROY MCINTYRE, JR., | ) | Case No.: 1:13 CV 1568 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| BENNIE KELLY, *et al.*, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

*Pro se* Plaintiff Lewis Leroy McIntrye, Jr. filed this action under 42 U.S.C. § 1983 against Grafton Correctional Institution Warden Bennie Kelly, Ohio Department of Rehabilitation and Correction ("ODRC") Director Gary Mohr, ODRC Bureau of Sentence Computation Assistant Chief Mary Oakley, and ODRC Chief Inspector Gary Croft. In the Complaint, Plaintiff asserts he discovered that the copy of his 1991 sentencing entry on file at the ODRC did not contain the Judge's signature. He claims this violated his Eighth and Fourteenth Amendment rights. He seeks $50,000 in damages and immediate release from prison.

**Background**

Plaintiff was convicted in August 1991 of felonious assault with a firearm specification and aggravated burglary with a firearm specification. Judge William H. Victor presided over his jury

trial. Judge Mary Spicer conducted a hearing on August 29, 1991, and sentenced Plaintiff to eight to fifteen years incarceration for aggravated felonious assault, with an additional three year mandatory sentence for the firearm specification, and eight to twenty-six years incarceration for aggravated burglary, with an additional three year mandatory sentence for the firearm specification. His sentences were ordered to be served consecutive to each other. Judge Spicer signed a judgment entry memorializing the sentence. A copy of the signed judgment entry is on file with the Summit County Court of Common Pleas. (ECF No. 1-5).

Recently, Plaintiff obtained a copy of the sentencing order on file with the ODRC. While the content of the order is identical to the one on file with the Summit County Court of Common Pleas, the copy of the entry on file at the ODRC was not signed by the judge. Instead, the signature block shows, "s/Mary F. Spicer." (ECF No. 1-4). Plaintiff claims that because the photocopy of his judgment of conviction was not an official copy signed by the judge, his conviction is void and unenforceable. He contends he is incarcerated in violation of his Fourteenth Amendment right to due process, and his Eighth Amendment right to be free from cruel and unusual punishment.

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*,

2

490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

## Analysis

As an initial matter, Plaintiff cannot file a civil rights action to challenge his sentence or to

seek his release from prison. As a prisoner, Plaintiff cannot raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The holding in *Heck* applies whether Plaintiff seeks injunctive, declaratory or monetary relief. *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). Plaintiff claims that because the copy of his sentencing order in the possession of the ODRC is not an official copy signed by the trial judge, his conviction and sentence are void and his continued incarceration in unconstitutional. If his claims were deemed to have merit, they would call into question the validity of his conviction, sentence and his incarceration. As such, he must also allege his conviction or sentence was declared invalid by either an Ohio state court or a federal habeas corpus decision. He does not include either of these allegations in his Complaint, and therefore he cannot bring his claims in a civil rights action.

Moreover, even if the Court could consider these claims in a civil rights action, they are without merit and must be dismissed pursuant to 28 U.S.C. § 1915(e). Plaintiff concedes that the sentencing order in the trial court's official record contains the actual signature of Judge Spicer. Although the ODRC may possess an unofficial copy of the order, the substance of the order in their possession is identical to the official entry. None of the terms of his sentencing order have been altered, and Plaintiff does not contend that the ODRC is failing to follow the terms of the official order. Instead, his claims rest entirely on the simple assertion that the ODRC possesses an unofficial copy of the order. While he contends this denies him due process and subjects him to cruel and unusual punishment, he provides no legal support for either of these assertions. None is apparent on the face of the Complaint.

4

Plaintiff does not specify whether he is asserting a claim for denial of procedural or substantive due process. The Due Process Clause of the Fourteenth Amendment "protects persons against deprivations of life, liberty, or property." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). To state a due process claim, therefore, Plaintiff must identify the deprivation of a protected liberty or property interest. *See Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). "A liberty interest may arise from the Constitution itself, by reason of the guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies[.]" *Wilkinson*, 545 U.S. at 221. In this case, no protected liberty or property interest arises from the Constitution itself, and Plaintiff has not identified a state law or policy which creates a constitutionally protected interest in having only official signed copies of sentencing entries in prisoners' files. Without a deprivation of a constitutionally protected interest, the Court need not proceed to the next step to determine whether the procedures afforded to protect that interest were insufficient. Plaintiff has not stated a claim for denial of procedural due process.

Claims for denial of substantive due process would be similarly without merit. Substantive due process serves the goal of preventing "governmental power from being used for purposes of oppression," regardless of the fairness of the procedures used. *See Daniels v. Williams*, 474 U.S. 327, 331 (1986). It serves as a check on legislation that infringes on fundamental rights otherwise not explicitly protected by the Bill of Rights; or as a check on official misconduct which infringes on a "fundamental right;" or as a limitation on official misconduct, which although not infringing on a fundamental right, is so literally "shocking to the conscience" as to rise to the level of a constitutional violation. *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996). A citizen,

5

however, does not suffer a constitutional deprivation every time he is subjected to some form of harassment by a government agent. *Id*. at 833. The conduct asserted must be "so severe, so disproportionate to the need presented, and such an abuse of authority as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights." *Id*. Plaintiff does not allege facts to suggest he was deprived of a fundamental right, nor does he describe conduct with is so "shocking to the conscience" that it qualifies as a violation of the Constitution. He fails to state a claim for denial of substantive due process.

Finally, Plaintiff fails to state a claim for violation of the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir.1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged "must result in the denial of 'the minimal civilized measure of life's necessities.'" *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-601 (6th Cir.1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. Therefore, not every unpleasant experience a prisoner might encounter during his incarceration will constitute cruel and unusual punishment within the meaning of the Eighth Amendment. *Ivey*, 832 F.2d at 954. Here. Plaintiff's claim that the ODRC kept an unofficial copy of his sentencing entry on file does not deprive him of essential food, medical care, sanitation or subject him to some intolerable condition of confinement that contravene evolving standards of decency. The conduct

6

described by Plaintiff does not implicate the Eighth Amendment.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

/s/SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

December 26, 2013

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.